UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY WEST (#87775)

VERSUS

CIVIL ACTION

CORNEL HUBERT, ET AL

NUMBER 07-131-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _August 3_, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE D**** OF LA

2007 AUG -6  P 2: 16

_____
DEPUTY CLERK

HENRY WEST (#87775)

VERSUS                                                            CIVIL ACTION

CORNEL HUBERT, ET AL                                              NUMBER 07-131-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner Henry West for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

Petitioner was found guilty of one count felon in possession of a firearm in the Twenty-third Judicial District Court for the Parish of Ascension on February 21, 2001. Petitioner was sentenced to 15 years imprisonment at hard labor without parole, probation or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Henry West*, 2002-1048 (La. App. 1st Cir. 2/14/2003), 838 So.2d 939. Petitioner did not seek review by the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief in the trial court on November 21, 2003. Petitioner raised three grounds for relief: (1) he received ineffective assistance of counsel at trial and on appeal; (2) he was tried by an all-white jury; and (3) there was no probable cause to arrest him. On February 26, 2004, the trial court denied relief specifically relying on La.C.Cr.P. art. 930.4. On April 13, 2004, the petitioner sought review by the First Circuit Court of Appeal. The First Circuit denied review on December 1, 2004. *State of Louisiana ex rel Henry M. West v. State of Louisiana*, 2004-695. On

1

April 18, 2006, the petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review on February 2, 2007. *State of Louisiana ex rel Henry M. West v. State of Louisiana*, 2006-1303; 948 So.2d 190.

Petitioner signed his federal application for habeas corpus relief on February 21, 2007, and it was filed on February 22, 2007. No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A petition is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361 (2000). A properly filed petition must be in the proper form, and be timely delivered to the proper court or office. *Id*. A petition ruled untimely by a state court cannot be "properly filed" even if some judicial review is necessary to determine if the filing condition, or an exception to it, is met. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-18, 125 S.Ct. 1807, 1812-14 (2005). An application for state post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance'–i.e., 'until the completion of' that

2

process." *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 2138 (2002). An application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). However, an application ceases to be "pending" when application to the next level of state-court review is not timely made. *Id*.

Petitioner's conviction became final on March 30, 2003.[1] From the date the petitioner's conviction became final until November 21, 2003, the date petitioner signed his application for post-conviction relief[2], 235 days of the limitation period elapsed. The district court denied the petitioner's post-conviction relief application on February 26, 2004. Pursuant to Rule 4-3 of Louisiana's Uniform Rules, Courts of Appeal, the petitioner had 30 days within which to timely file an application for writs with the state court of appeals, absent being granted an extension of that period. Once a state limitation period expires "a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in the state court." *Melancon v. Kaylo*, 259 F.3d at 407.[3] Because the petitioner

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. A motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from the appeal is taken. La.C.Cr.P. art. 914(B)(1) .

[2] Petitioner's post-conviction relief application was not filed until February 27, 2004. A review of the record showed that the post-conviction relief application was received by the district court sometime in January 2004. In determining the timeliness of the petitioner's federal habeas corpus application, the court has given the petitioner the benefit of the November 2003 filing date.

[3] "A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. Thus, after the appeal period has lapsed, an application ceases to be pending but a
(continued...)

did not timely file his application for writs with the state court of appeals, his application ceased to be "pending" within the meaning of § 2244 on March 27, 2004, the last day on which he could have timely sought review from the state court of appeals of the district judge's denial of his application. Petitioner allowed an additional 16 days to elapse before he filed his application for writs to the state court of appeals on April 13, 2004. That application remained pending until it was denied by the state court of appeals on December 1, 2004. Petitioner had until December 31, 2004, to file a timely application for writs with the Louisiana Supreme Court. Because the petitioner did not timely file his application for writs to the Louisiana Supreme Court, his application did not remain "pending" after December 31, 2004, and the limitation period once again began to run. Over 15 months later, the petitioner submitted a writ application to the Louisiana Supreme Court on April 18, 2006. From December 1, 2004, the date the First Circuit Court of Appeal denied review, until April 18, 2006, the date the petitioner sought review by the Louisiana Supreme Court, 502 days of the limitations period elapsed. The application remained pending until it was denied on February 2, 2007. From February 2, 2007, the date the Louisiana Supreme Court denied review until February 21, 2007, the date the petitioner signed his federal habeas corpus application, an additional 18 days of the limitation period elapsed. Excluding the time while state post conviction or other collateral review was pending in state court, more than one year (771 days) passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus

---

[3](...continued)
subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the 'proper' filing." *Melancon v. Kaylo*, 259 F.3d at 407.

4

application. Petitioner's federal habeas corpus application was not timely filed.[4]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, _August 3_, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[4] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

5